IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA
601 Market Street, Room 2609, Philadelphia, PA19106

K-BEECH, INC.,

    Plaintiff,

vs.

DOES 1-36

    Defendants.

_____/

CASE No. 2:11cv-05058-RK

MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

FILED OCT - 4 2011
MICHAEL E. KUNZ, Clerk
By_____ Dep. Clerk

RECEIVED OCT 4 2011

## MOTION TO QUASH OR MODIFY SUBPOENA AND MOTION TO DISMISS

I received a letter from my Internet Service Provider regarding a subpoena, which included a copy of the Order Granting Plaintiff's Application for Leave to Take Discovery.

From accounts of previous defendants of other copyright infringement lawyers, such as Steele Hansmeier, these subpoena notifications are followed by demand letters. These letters -- which usually demand amounts in the area around $2500 - $3000, to avoid dealing with their lawsuit[1] -- and their phone calls, which are persistent[2], are the reason I am filing this motion, and for this reason, I respectfully request that I be allowed to do so without revealing my personal identifying information.

Plaintiff may argue that this motion should be dismissed because of its anonymous filing. The reason for filing this motion anonymous is because I fear retaliation by Plaintiff. The fear of retaliation is so great that I will be mailing the motions to the court and Plaintiff from a city other than my own. By filing this motion, I draw attention to Plaintiff's

---

[1] Google search: "steele hansmeier letter"
[2] Google search: "steele hansmeier phone calls"

1

questionable action of how they pursue this and other copyright infringements cases. If I filed this motion under my true name (or even IP address), I feel I would be singled out by Plaintiff for selective prosecution. The prosecution would not be because of the alleged copyright infringement, but to serve as an example to other defendants who do not settle with Plaintiff regardless of guilt or innocence.

## INTRODUCTION

To cut court costs while suing as many individuals as possible, Plaintiff's counsel, Christopher Fiore (Fiore & Barber, LLC) is using improper joinder in this large lawsuit alleging copyright infringement through BitTorrent. K-Beech also has mass law suits in Maryland, including a BitTorrent case nearly identical to this one, K-Beech vs Does 1-32 case 8:11-cv-01764-DKV which has been dismissed.

Similar cases to this one have been dismissed, such as *CP Productions, Inc. v. Does 1-300 case 1:2010cv06255*, and in this case the court notes before dismissal:

> [I]f the 300 unnamed defendants have in fact infringed any copyrights (something that this court will assume to be the case, given the Complaint's allegations that so state), each of those infringements was separate and apart from the others. No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees alone would have aggregated $105,000 rather than $350.

Later, Judge Milton Shadur writes about Steele Hansmeier's abuse of the litigation system "in more than one way" with its "ill-considered" lawsuit:

> This Court has received still another motion by a "Doe" defendant to quash a subpoena in this ill-considered lawsuit filed by CP Productions, Inc. ("CP") against no fewer than 300 unidentified "Doe" defendants – this one seeking the

2

> nullification of a February 11, 2011 subpoena issued to Comcast Communications, LLC. This Court's February 24, 2011 memorandum opinion and order has already sounded the death knell for this action, which has abused the litigation system in more than one way. But because the aggrieved Doe defendants continue to come out of the woodwork with motions to quash, indicating an unawareness of this Court's dismissal of this action, 1 CP's counsel is ordered to appear in court on March 9, 2011 at 9:00 a.m. Counsel will be expected to discuss what steps should be taken to apprise all of the targeted "Doe" defendants that they will not be subject to any further trouble or expense as a result of this ill-fated (as well as ill-considered) lawsuit.
> *(CP Productions, Inc. v. Does 1-300 case 1:2010cv06255 (dismissed ALL John Doe defendants)*

In another Steele Hansmeier BitTorrent case in Illinois, Judge Harold A. Baker writes in denying the motion for expedited discovery:

> Plainly stated, the court is concerned that the expedited *ex parte* discovery is a fishing expedition by means of a perversion of the purpose of and intent of Fed. R. Civ. P. 23.
>
> *VPR Internationale vs. Does 1-1017 case 2:2011cv02068*

In the Northern District of California, these nearly identical BitTorrent cases have been severed for improper joinder:

> *Pacific Century International LTD v. Does 1-101 case 4:2011cv02533 (severed does 2-101)*
> *IO Group, Inc. v. Does 1-435 case 3:2010cv04382 (severed does 2-435)*
> *Diabolic Video Productions, Inc v. Does 1-2099 case 5:2010cv05865 (severed Does 2-2099)*
> *New Sensations, Inc v. Does 1-1768 case 5:2010cv05864 (severed Does 2-1768)*

In yet another nearly identical BitTorrent case, filed in the Northern District of California by Steele Hansmeier, *Millennium TGA, Inc v. Does 1-21 case 3:2011cv02258*, Judge Samuel Conti found the same joinder problems, and wrote in his order denying request for leave to take early discovery, "This Court does not issue fishing licenses;" And these nearly identical BitTorrent cases in the Northern District of California by the same plaintiff Boy

Racer, again represented by Steele Hansmeier, have been severed for improper joinder:

*Boy Racer, Inc v. Does 1-52* case 5:2011cv02329 (severed Does 2-52)
*Boy Racer, Inc v. Does 1-71* case 5:2011cv01958 (severed Does 2-72)

In a recent order (6 Sep 2011) by Judge Bernard Zimmerman, Northern District of California, 5010 John Does were dismissed from *On The Cheap, LLC, v. Does 1-5011*, case C10-4472 BZ, due to improper joinder. Judge Zimmerman stated the following in his order:

"This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, Plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then to offer to settle with Doe defendants so they can avoid digging themselves out of the morass plaintiff is creating."

## ARGUMENT

**1) Plaintiff Has Improperly Joined 36 Individual Defendants Based on Entirely Disparate Alleged Acts**

**2) Plaintiff Has Not Done Significant Investigative Effort to Justify Granting a Subpoena For Subscriber Information From the Internet Service Provider**

The Plaintiff's joinder of 36 defendants in this single action is improper and runs the tremendous risk of creating unfairness and denying individual justice to those sued. Mass joinder of individuals has been disapproved by federal courts in both the RIAA cases and elsewhere. As one court noted:

> Comcast subscriber John Doe 1 could be an innocent parent whose internet access was abused by her minor child, while John Doe 2 might share a computer with a roommate who infringed Plaintiffs' works. John Does 3 through 203 could be thieves, just as Plaintiffs believe, inexcusably pilfering Plaintiffs' property and depriving them, and their artists, of the royalties they are rightly owed. . . . Wholesale litigation of these claims is inappropriate, at least with respect to a vast majority (if not all) of Defendants.

*BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants).

Rule 20 requires that, for parties to be joined in the same lawsuit, the claims against them must arise from a single transaction or a series of closely related transactions. Specifically:

Persons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20. Thus, multiple defendants may be joined in a single lawsuit only when three conditions are met:

(1) the right to relief must be "asserted against them jointly, severally or in the alternative"; (2) the claim must "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences"; **and** (3) there must be a common question of fact or law common to all the defendants. *Id.*

Joinder based on separate but similar behavior by individuals allegedly using the Internet to commit copyright infringement has been rejected by courts across the country. In *LaFace Records, LLC v. Does 1-38*, No. 5:07-CV-298-BR, 2008 WL 544992 (E.D.N.C. Feb. 27, 2008), the court ordered severance of lawsuit against thirty-eight defendants where each defendant used the same ISP as well as some of the same peer-to-peer ("P2P") networks to commit the exact same violation of the law in exactly the same way. The court explained:

5

"[M]erely committing the same type of violation in the same way does not link defendants together for purposes of joinder." *LaFace Records*, 2008 WL 544992, at *2. In *BMG Music v. Does 1-4*, No. 3:06-cv-01579-MHP, 2006 U.S. Dist. LEXIS 53237, at *5-6 (N.D. Cal. July 31, 2006), the court *sua sponte* severed multiple defendants in action where the only connection between them was allegation they used same ISP to conduct copyright infringement. See also *Interscope Records v. Does 1-25*, No. 6:04-cv-197-Orl-22DAB, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. Apr. 1, 2004) (magistrate recommended *sua sponte* severance of multiple defendants in action where only connection between them was allegation they used same ISP and P2P network to conduct copyright infringement); *BMG Music v. Does 1-203*, No. Civ.A. 04-650, 2004 WL 953888, at *1 (E.D. Pa. Apr. 2, 2004) (severing lawsuit involving 203 defendants); General Order, *In re Cases Filed by Recording Companies*, filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY); and *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004), RJN Ex. A, (dismissing without prejudice all but first defendant in each of four lawsuits against a total of 254 defendants accused of unauthorized music file-sharing); Order Granting in Part and Denying in Part Plaintiffs' Miscellaneous Administrative Request for Leave to Take Discovery Prior to Rule 26 Conference, *Twentieth Century Fox Film Corp., et al., v. Does 1-12*, No. C-04-04862 (N.D. Cal Nov. 16, 2004) (in copyright infringement action against twelve defendants, permitting discovery as to first Doe defendant but staying case as to remaining Does until plaintiff could demonstrate proper joinder).

Plaintiff may argue that, unlike the RIAA cases, its allegations here are based upon use of the Internet to infringe a single work. While that accurately describes the facts alleged in

this case, it does not change the legal analysis. Whether the alleged infringement concerns a single copyrighted work or many, it was committed by unrelated defendants, at different times and dates and locations, sometimes using different services, and perhaps subject to different defenses. That attenuated relationship is not sufficient for joinder. See BMG Music v. Does 1-203, 2004 WL 953888, at *1.

Nor does the analysis change because the BitTorrent protocol works by taking small fragments of a work from multiple people in order to assemble a copy. Nearly all of the older protocols in the aforementioned cases work in this fashion. Kazaa, eDonkey and various Gnutella clients (e.g., LimeWire) have incorporated multisource/swarming downloads since 2002.[3]

Plaintiff claims all of the Pennsylvania defendants are properly joined because they illegally downloaded/shared the film (Gang Bang Virgins) via BitTorrent. Plaintiff provided the Court Exhibit A to their Motion for Leave to Serve Third Party Subpoenas Prior To A Rule 26(f) Conference (Document 1), showing the IP addresses of the defendants and a specific "hit date (UTC)," it was observed illegally downloading/sharing the film. John Doe # 7 (IP address 68.82.127.104) was the first instance of downloading/sharing by defendants identified by plaintiff's agents on 4/13/2011 at 3:56 Coordinated Universal Time (UTC). The last instance of downloading/sharing identified by Plaintiff's agents was on 7/8/2011, at 8:00 UTC, by John Doe # 35 (IP address 208.101.144.190). Plaintiff incorrectly states the infringement was accomplished by the Defendants "acting in concert with each other." Exhibit A to Document 1 shows the entire timeframe of the activity, but not which IP addresses acted in concert. The nature of BitTorrent does not support Plaintiff's claim that All John Doe IP addresses acted

---

[3] http://gondwanaland.com/mlog/2004/12/30/deployment-matters/

together for the entire period of approximately three months.

The nature of BitTorrent is that the work in question is first made available to others BitTorrent users by a small number, usually one IP address. As other BitTorrent users join and start to download/share the work, the swarm grows. Depending on how popular the work is, the swarm can grow fast, or not at all. Eventually as the popularity of the shared work drops, the swarm shrinks, and eventually disappears. IP addresses commonly join and leave various BitTorrent swarms at all times during the life of the torrent. Plaintiff's agent, Tobias Fieser, IPP Limited, collected the data on John Doe IP addresses (Exhibit A of Document 1) and can verify the nature of BitTorrent, as well as provide details on who (if any) of the John Does IP addresses in this case truly shared the work between the other John Does IP addresses in this case.

In the January 2011 Technical Report: *An Estimate of Infringing Use of the Internet*, by *Envisional*[4] (a major company specializing in detecting and guarding against the threats of counterfeiting, piracy, fraud and online brand abuse), the following was noted for the single day analysis of BitTorrent use:

> For the 2.72 Million torrents identified, only .2% had 100 or more downloaders. 2.6% of the torrents had 10-99 downloaders. 51.9% of the torrents had from one to nine downloaders. 45.2% had no active downloads. Envisional also noted that a similar spread of "seeders" (users with a complete copy of the work) were associated with the torrents. For 48.5% of the torrents, there were no seeders connected. (Page 9)

This report clearly shows the vast majority of torrents only had zero to nine downloaders associated with them and a very limited number of file seeder at any one instance.

---

[4] http://documents.envisional.com/docs/Envisional-Internet_Usage-Jan2011.pdf

The similar but separate nature of the BitTorent connections is highlighted in three recently filed K-Beech cases in Colorado (K-Beech Inc., v. John Doe, 1-11-cv-02370-PAB, K-Beech Inc., v. John Doe, 1-11-cv-02371-CMA, and K-Beech Inc., v. John Doe, 1-11-cv-02372-MSK) filed on 8 Sep 2011. These three cases also concern the infringement of the same file as this case (Gang Bang Virgins), by John Does in Colorado. Plaintiff's attorney in Colorado decided to file separate cases for each John Doe, as joinder of the three could not be justified by location only.

Discussions of the technical details of the BitTorrent protocol aside, the individual Defendants still have no knowledge of each other, nor do they control how the protocol works, and Plaintiff has made no allegation that any copy of the work they downloaded came jointly from any of the Doe defendants. Joining unrelated defendants in one lawsuit may make litigation less expensive for Plaintiff by enabling it to avoid the separate filing fees required for individual cases and by enabling its counsel to avoid travel, but that does not mean these well-established joinder principles need not be followed here.

## CONCLUSION

The improper joining of 36 Doe defendants into this one lawsuit raises serious questions of individual fairness and individual justice. As noted by previous courts, the use of these cases (and the courts) as a means of obtaining subpoenas to issue settlement letters is well documented ("Fishing Expeditions"). Even when John Doe defendants choose not to settle, the plaintiffs in these cases ultimately fail to name defendants and start further court actions. Many of these types of cases are kept open for as long as possible so the plaintiffs can obtain as

much settlement money as possible, before they voluntarily dismiss the case and move onto a new one. Recent developments in a Steele Hansmeier PLLC Case (*1:10-cv-06254, First Time Videos v. Does 1-500*), is a prime example where Plaintiff kept the case open for a year without naming a defendant. On 28 Sep 11, Steele Hansmeier dismissed all but eight Doe defendants from this case; subscriber information for the eight Does defendants were still pending from the ISP. There is a well documents history of these types of cases in the Northern Districts of Illinois and California.

As noted in the Envisional technical report, majority of the BitTorrent swarms they sampled had only Zero to Nine downloaders and a similar number of "seeders." A total of 36 BitTorrent downloaders and "seeders" all connected at once over a 3 month period are highly unlikely. Plaintiff's records do not show how any of the IP addresses they identified interacted with each other (sharing the file in question).

The court should also note the very cursory effort Plaintiff has taken to identify the true copyright infringers. As the IP address assigned to each defendant does not equal culpability, simply going after the registered owner of the IP address is irresponsible. The registered user of the IP address only identifies the person who pays the Internet Service Provider (ISP) for Internet access. There are multiple possibilities as to why the defendant did not copyright infringe against Plaintiff. Possible reasons are: computer/network was "hacked" by unauthorized personnel; Home WiFi connection run "Open" and used by unauthorized personnel (neighbor, etc.); Guest at the defendant's residence used the network and defendant was not aware of the activity. Without additional investigative steps, innocent personnel are bound to be implicated in infringement activity and pressured to pay settle amounts to make the threat of a federal law suit go away.

As Plaintiff does not intend to conduct further investigative effort and only wishes to send out settlement letters to defendants, I respectfully request the Court dismiss the subpoena requiring the ISP provide the subscriber information on all John Doe defendants. In addition, I respectfully request the court sever Doe defendants 2-36 from this case, as there is no evidence to show that ALL the Doe defendants acted together are thus they are incorrectly joined together. *See* Fed. R. Civ. P. 21.

Dated: 10/3/2011                                       Respectfully submitted,

*s/John Doe*
John Doe
*Pro se*

### CERTIFICATE OF SERVICE

I hereby certify that on 10/3/2011, I served a copy of the foregoing document, via the United States Postal Service, on:

Fiore & Barber, LLC
425 Main Street, Suite 200
Harleysville, PA  19438