IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| K-BEECH, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION |
| v. | : | |
| | : | No. 11-5058 |
| JOHN DOES 1-36, | : | |
| | : | |
| Defendants. | : | |

# ORDER

**AND NOW** this 21st day of October, 2011, upon consideration of the "Motion to Quash or Modify Subpoena" (Doc. No. 12) (hereafter, the "Motion"), submitted anonymously by Defendant, John Doe ("Defendant Doe"), and the Response submitted by Plaintiff, K-Beech, Inc. ("K-Beech"), it is hereby **ORDERED** that:

1) All Defendants except John Doe 1 are hereby **SEVERED** from this action and **DISMISSED WITHOUT PREJUDICE**.

2) The Motion (Doc. No. 12) is hereby **GRANTED**.[1]

---

[1] K-Beech brings this action against thirty-six "John Doe" defendants ("Defendants"), identified only by their internet protocol ("IP") addresses, for direct and contributory copyright infringement of an adult film called *Gang Bang Virgins* (the "film"). K-Beech alleges that the Defendants downloaded the film from the internet using BitTorrent, a peer-to-peer ("P2P") file sharing protocol. The BitTorrent protocol allows users to join a "swarm" of host computers to download and upload from each other simultaneously.

On August 12, 2011, we granted K-Beech's motion to serve third-party subpoenas on internet service providers ("ISPs") to obtain the Defendants' identities. After receiving notice of the subpoena from his ISP, Defendant Doe filed a "Motion to Quash or Modify Subpoena" arguing that Defendants 2 through 36 were improperly joined. Thereafter, several other Defendants filed Motions to Quash, arguing that joinder was improper. We agree that Defendants 2 through 36 were improperly joined. Federal Rule of Civil Procedure 20(a)(2) *permits* a court to join defendants in one action if: (1) a claim is asserted against them jointly,

3)   All subpoenas seeking discovery regarding all Defendants except John Doe 1 are hereby **QUASHED**.

4)   All other pending Motions to Quash in this case (Doc. Nos. 12, 13, and 15) are hereby **DENIED AS MOOT**.

5)   K-Beech's "Motion for an Entry of an Order Requiring Movants to Identify Themselves" (Doc. No. 18), is hereby **DENIED AS MOOT**.

6)   K-Beech shall serve a copy of this Order on every Defendant for whom it has

---

severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2) (emphasis added). Many courts have already considered how the joinder rules apply to lawsuits against Doe defendants who are alleged to have acted in concert by using BitTorrent or other similar P2P software to infringe copyright laws. On the Cheap, LLC v. Does 1-5011, No. C10-4472, 2011 WL 4018258, at *1 (N.D. Cal. Sept. 6, 2011). Most recent decisions on this issue have concluded that the use of the BitTorrent protocol does not distinguish these cases from earlier rulings in P2P cases in which courts found that joining multiple Doe defendants was improper since downloading the same file did not mean that each of the defendants were engaged in the same transaction or occurrence. Id. (collecting cases). See also IO Group, Inc. v. Does 1-435, No. 10-4382, 2011 WL 445043 (N.D. Cal. Feb. 3, 2011); Diabolic Video Productions, Inc. v. Does 1-2099, No. 10-5865, 2011 WL 3100404 (N.D. Cal. May 31, 2011); Order, W. Coast Prods., Inc. v. Does 1-535, Civ-A-No. 10-94 (N.D. W. Va. Dec. 16, 2010). We agree with the views expressed by these courts and find that K-Beech has not established that joinder would be proper under Rule 20(a)(2) merely because Defendants used BitTorrent to download the film.

   Furthermore, even if K-Beech had satisfied Rule 20(a)(2)'s conditions for joinder, we would still sever the Defendants based on our broad discretionary authority because it is likely that each of them will raise unique factual and legal defenses. See Fed. R. Civ. P. 21 ("On motion or on its own, the court may, at any time, on just terms . . . drop a party.") The different factual and legal defenses will undoubtedly give rise to an array of motions, the management of which will most efficiently be accomplished by severing the Defendants. See In re Diet Drugs (Phentermine/Fenfluramine/Dexfenfluramine) Prods. Liab. Litig., No. 06-20042, 2007 WL 2458021, at *1 (E.D. Pa. Apr. 23, 2007) (". . . courts may sever parties for the efficient administration of justice.") (internal citation omitted). Accordingly, we will sever all Defendants except John Doe 1 and we will quash all third-party subpoenas served on ISPs except as to John Doe 1.

    obtained an address and the internet service providers on whom third-party subpoenas have been served by November 4, 2011.  Also by November 4, 2011, K-Beech's counsel shall file a declaration attesting that it has complied with this provision.

7)     K-Beech shall have until November 4, 2011 to file an amended complaint against Defendant John Doe 1, if it wishes to proceed with its claims against this Defendant.

                                    BY THE COURT:

                                    <u>/s/ Robert F. Kelly</u>
                                    ROBERT F. KELLY
                                    SENIOR JUDGE